**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNION HOME MORTGAGE CORP.,** | ) | **CASE NO.: 1:20-CV-2690** |
| | ) | |
| **Plaintiff** | ) | **JUDGE  PAMELA A. BARKER** |
| | ) | |
| **-vs-** | ) | |
| | ) | **Jury Demand Endorsed Herein** |
| | ) | |
| **JASON JENKINS, et al.,** | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | |

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DEFENDANT JASON JENKINS

Defendant Jason Jenkins responds to the Verified Complaint for Preliminary and Permanent Injunctive Relief, and Damages (ECF Docket No. 1) filed by Plaintiff Union Home Mortgage Corp. ("Plaintiff") as follows:

### PARTIES

1.      Jenkins admits the allegations set forth in Paragraph 1.

2.      Jenkins admits the allegations set forth in Paragraph 2.

3.      Paragraph 3 does not contain any allegations against Jenkins.  To the extent a response is required, Jenkins lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 3 and, therefore, denies the same.

### JURISDICTION AND VENUE

4.      In response to Paragraph 4, Jenkins incorporates his responses to Paragraphs 1-3 as if fully restated herein.

5.      To the extent Paragraph 5 contains a legal conclusion, no response is required.  To the extent a response is required, Jenkins denies the allegations set forth in Paragraph 5.

6.      Jenkins admits the allegations set forth in Paragraph 6.

7.      Jenkins admits the allegations set forth in Paragraph 7.

8.      Paragraph 8 does not contain any allegations against Jenkins.  To the extent a response is required, Jenkins lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 8 and, therefore, denies the same.

9.      To the extent Paragraph 9 contains a legal conclusion, no response is required.  To the extent a response is required, Jenkins avers that the case law cited in Paragraph 9 speaks for itself.

10.     To the extent Paragraph 10 contains a legal conclusion, no response is required.  To the extent a response is required, Jenkins admits that he is a citizen of a different state than Plaintiff's state of incorporation.  Jenkins lacks sufficient knowledge to admit or deny the remaining allegations set forth in Paragraph 10 and, therefore, denies the same.

11.     To the extent Paragraph 11 contains a legal conclusion, no response is required.  To the extent a response is required, Jenkins avers that the Employee Agreement speaks for itself.

12.     Paragraph 12 does not contain any allegations against Jenkins.  To the extent a response is required, Jenkins lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 12 and, therefore, denies the same.

13.     To the extent Paragraph 13 contains a legal conclusion, no response is required.  To the extent a response is required, Jenkins denies the allegations set forth in Paragraph 13.

14.     In response to Paragraph 14, Jenkins avers that the Employee Agreement speaks for itself.

## **FACTUAL BACKGROUND**

15.     In response to Paragraph 15, Jenkins incorporates his responses to Paragraphs 1-14 as if fully restated herein.

16.     In response to Paragraph 16, Jenkins avers that the Employee Agreement speaks for itself.

17.     To the extent Paragraph 17 contains a legal conclusion, no response is required. To the extent a response is required, Jenkins admits that he acquired some information from Plaintiff during his employment.  Jenkins denies the remaining allegations set forth in Paragraph 17.

18.     To the extent Paragraph 18 contains a legal conclusion, no response is required. To the extent a response is required, Jenkins admits that he interacted with some customers, prospective customers, and referral sources during his time at Union Home.  Jenkins denies the remaining allegations set forth in Paragraph 18.

19.     Jenkins denies the allegations set forth in Paragraph 19.

20.     In response to Paragraph 20, Jenkins avers that the Employee Agreement speaks for itself.

21.     In response to Paragraph 21, Jenkins avers that the Employee Agreement speaks for itself.

22.     In response to Paragraph 22, Jenkins avers that the Employee Agreement speaks for itself.

23.     In response to Paragraph 23, Jenkins avers that the Employee Agreement speaks for itself.

24.     In response to Paragraph 24, Jenkins avers that the Employee Agreement speaks for itself.

25.     In response to Paragraph 25, Jenkins avers that the Employee Agreement speaks for itself.

26.     In response to Paragraph 26, Jenkins avers that the Employee Agreement speaks for itself.

27.     To the extent Paragraph 27 contains a legal conclusion, no response is required. To the extent a response is required, Jenkins admits he was an employee of Plaintiff.  Jenkins denies the remaining allegations set forth in Paragraph 27.

28.     Jenkins denies the allegations set forth in Paragraph 28.

29.     Jenkins denies the allegations set forth in Paragraph 29.

30.     Jenkins denies the allegations set forth in Paragraph 30.

31.     Paragraph 31 does not contain any allegations against Jenkins.  To the extent a response is required, Jenkins lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 31 and, therefore, denies the same.

32.     Paragraph 32 does not contain any allegations against Jenkins.  To the extent a response is required, Jenkins lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 32 and, therefore, denies the same.

33.     Paragraph 33 does not contain any allegations against Jenkins.  To the extent a response is required, Jenkins lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 33 and, therefore, denies the same.

34.     Jenkins denies the allegations set forth in Paragraph 34.

35.     Paragraph 35 does not contain any allegations against Jenkins.  To the extent a response is required, Jenkins lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 35 and, therefore, denies the same.

36.     Paragraph 36 does not contain any allegations against Jenkins.  To the extent a response is required, Jenkins lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 36 and, therefore, denies the same.

37.     Paragraph 37 does not contain any allegations against Jenkins.  To the extent a response is required, Jenkins lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 37 and, therefore, denies the same.

38.     Paragraph 38 does not contain any allegations against Jenkins.  To the extent a response is required, Jenkins lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 38 and, therefore, denies the same.

39.     Paragraph 39 does not contain any allegations against Jenkins.  To the extent a response is required, Jenkins lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 39 and, therefore, denies the same.

40.     Paragraph 40 does not contain any allegations against Jenkins.  To the extent a response is required, Jenkins lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 40 and, therefore, denies the same.

41.     Paragraph 41 does not contain any allegations against Jenkins.  To the extent a response is required, Jenkins lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 41 and, therefore, denies the same.

42.     Paragraph 42 does not contain any allegations against Jenkins.  To the extent a response is required, Jenkins lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 42 and, therefore, denies the same.

43.     Paragraph 43 does not contain any allegations against Jenkins.  To the extent a response is required, Jenkins lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 43 and, therefore, denies the same.

44.     Paragraph 44 does not contain any allegations against Jenkins.  To the extent a response is required, Jenkins lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 44 and, therefore, denies the same.

45.     Paragraph 45 does not contain any allegations against Jenkins.  To the extent a response is required, Jenkins lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 45 and, therefore, denies the same.

46.     Paragraph 46 does not contain any allegations against Jenkins.  To the extent a response is required, Jenkins lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 46 and, therefore, denies the same.

47.     Jenkins admits the allegations set forth in Paragraph 47.

48.     Jenkins denies the allegations set forth in Paragraph 48.

49.     Jenkins denies the allegations set forth in Paragraph 49.

50.     Jenkins admits the allegations set forth in Paragraph 50.

51.     To the extent Paragraph 51 contains a legal conclusion, no response is required. To the extent a response is required, Jenkins denies the allegations set forth in Paragraph 51.

52.     Jenkins admits that he is now employed with CrossCountry Mortgage as a Sales Manager.

53.     Jenkins admits that he works for CrossCountry Mortgage in the Grand Rapids, Michigan area.

54.     Jenkins denies the allegations set forth in Paragraph 54.

55.     Jenkins denies the allegations set forth in Paragraph 55.

56.     Paragraph 56 does not contain any allegations against Jenkins.  To the extent a response is required, Jenkins lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 56 and, therefore, denies the same.

57.     Paragraph 57 does not contain any allegations against Jenkins.  To the extent a response is required, Jenkins lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 57 and, therefore, denies the same.

58.     Paragraph 58 does not contain any allegations against Jenkins.  To the extent a response is required, Jenkins lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 58 and, therefore, denies the same.

59.     Paragraph 59 does not contain any allegations against Jenkins.  To the extent a response is required, Jenkins lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 59 and, therefore, denies the same.

60.     Paragraph 60 does not contain any allegations against Jenkins.  To the extent a response is required, Jenkins lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 60 and, therefore, denies the same.

61.     In response to Paragraph 61, Jenkins avers that the Employee Agreement speaks for itself.

62.     Jenkins lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 62 and, therefore, denies the same.

63.    Jenkins admits that Ms. Bosch and Ms. Kamer are working at CrossCountry Mortgage.  Jenkins denies the remaining allegations set forth in Paragraph 63.

64.    Jenkins admits that he sent a resignation email on November 28, 2020 and that the email speaks for itself.  Jenkins denies the remaining allegations set forth in Paragraph 64.

## COUNT I

65.    In response to Paragraph 65, Jenkins incorporates his responses to Paragraphs 1-64 as if fully restated herein.

66.    To the extent Paragraph 66 contains a legal conclusion, no response is required. To the extent a response is required, Jenkins denies the allegations set forth in Paragraph 66.

67.    Paragraph 67 does not contain any allegations against Jenkins.  To the extent a response is required, Jenkins lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 67 and, therefore, denies the same.

68.    To the extent Paragraph 68 contains a legal conclusion, no response is required. To the extent a response is required, Jenkins avers that the Employee Agreement speaks for itself.

69.    Paragraph 69 does not contain any allegations against Jenkins.  To the extent a response is required, Jenkins lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 69 and, therefore, denies the same.

70.    To the extent Paragraph 70 contains a legal conclusion, no response is required. To the extent a response is required, Jenkins denies the allegations set forth in Paragraph 70.

71.    Paragraph 71 does not contain any allegations against Jenkins.  To the extent a response is required, Jenkins lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 71 and, therefore, denies the same.

72.     To the extent Paragraph 72 contains a legal conclusion, no response is required. To the extent a response is required, Jenkins denies the allegations set forth in Paragraph 72.

73.     Paragraph 73 does not contain any allegations against Jenkins. To the extent a response is required, Jenkins lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 73 and, therefore, denies the same.

## COUNT II

74.     In response to Paragraph 74, Jenkins incorporates his responses to Paragraphs 1-73 as if fully restated herein.

75.     To the extent Paragraph 75 contains a legal conclusion, no response is required. To the extent a response is required, Jenkins denies the allegations set forth in Paragraph 75.

76.     To the extent Paragraph 76 contains a legal conclusion, no response is required. To the extent a response is required, Jenkins denies the allegations set forth in Paragraph 76.

77.     To the extent Paragraph 77 contains a legal conclusion, no response is required. To the extent a response is required, Jenkins denies the allegations set forth in Paragraph 77.

## COUNT III

78.     In response to Paragraph 78, Jenkins incorporates his responses to Paragraphs 1-77 as if fully restated herein.

79.     To the extent Paragraph 79 contains a legal conclusion, no response is required. To the extent a response is required, Jenkins denies the allegations set forth in Paragraph 79.

80.     Jenkins admits the allegations set forth in Paragraph 80.

81.     To the extent Paragraph 81 contains a legal conclusion, no response is required. To the extent a response is required, Jenkins denies the allegations set forth in Paragraph 81.

82.     To the extent Paragraph 82 contains a legal conclusion, no response is required. To the extent a response is required, Jenkins denies the allegations set forth in Paragraph 82.

83.     To the extent Paragraph 83 contains a legal conclusion, no response is required. To the extent a response is required, Jenkins denies the allegations set forth in Paragraph 83.

## COUNT IV

84.     In response to Paragraph 84, Jenkins incorporates his responses to Paragraphs 1-83 as if fully restated herein.

85.     To the extent Paragraph 85 contains a legal conclusion, no response is required. To the extent a response is required, Jenkins denies the allegations set forth in Paragraph 85.

86.     Jenkins admits the allegations set forth in Paragraph 86.

87.     To the extent Paragraph 87 contains a legal conclusion, no response is required. To the extent a response is required, Jenkins denies the allegations set forth in Paragraph 87.

88.     To the extent Paragraph 88 contains a legal conclusion, no response is required. To the extent a response is required, Jenkins denies the allegations set forth in Paragraph 88.

89.     To the extent Paragraph 89 contains a legal conclusion, no response is required. To the extent a response is required, Jenkins denies the allegations set forth in Paragraph 89.

## COUNT V

90.     In response to Paragraph 90, Jenkins incorporates his responses to Paragraphs 1-89 as if fully restated herein.

91.     To the extent Paragraph 91 contains a legal conclusion, no response is required. To the extent a response is required, Jenkins denies the allegations set forth in Paragraph 91.

92.     To the extent Paragraph 92 contains a legal conclusion, no response is required. To the extent a response is required, Jenkins denies the allegations set forth in Paragraph 92.

93.     To the extent Paragraph 93 contains a legal conclusion, no response is required. To the extent a response is required, Jenkins denies the allegations set forth in Paragraph 93.

### REQUEST FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

94.     In response to Paragraph 94, Jenkins incorporates his responses to Paragraphs 1-93 as if fully restated herein.

95.     To the extent Paragraph 95 contains a legal conclusion, no response is required. To the extent a response is required, Jenkins denies the allegations set forth in Paragraph 95.

96.     To the extent Paragraph 96 contains a legal conclusion, no response is required. To the extent a response is required, Jenkins avers that the Employee Agreement speaks for itself.  Jenkins denies the remaining allegation set forth in Paragraph 96.

97.     To the extent Paragraph 97 contains a legal conclusion, no response is required. To the extent a response is required, Jenkins denies the allegations set forth in Paragraph 97.

98.     To the extent Paragraph 98 contains a legal conclusion, no response is required. To the extent a response is required, Jenkins denies the allegations set forth in Paragraph 98.

99.     To the extent Paragraph 99 contains a legal conclusion, no response is required. To the extent a response is required, Jenkins denies the allegations set forth in Paragraph 99.

100.     To the extent Paragraph 100 contains a legal conclusion, no response is required. To the extent a response is required, Jenkins denies the allegations set forth in Paragraph 100.

101.     To the extent Paragraph 101 contains a legal conclusion, no response is required. To the extent a response is required, Jenkins denies the allegations set forth in Paragraph 101.

102.     Paragraph 102 does not contain any allegations against Jenkins.  To the extent a response is required, Jenkins lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 102 and, therefore, denies the same.

103.     Paragraph 103 does not contain any allegations against Jenkins. To the extent a response is required, Jenkins lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 103 and, therefore, denies the same.

104.     Paragraph 104 does not contain any allegations against Jenkins. To the extent a response is required, Jenkins lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 104 and, therefore, denies the same.

105.     Paragraph 105 does not contain any allegations against Jenkins. To the extent a response is required, Jenkins lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 105 and, therefore, denies the same.

106.     Paragraph 106 does not contain any allegations against Jenkins. To the extent a response is required, Jenkins lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 106 and, therefore, denies the same.

107.     To the extent Paragraph 107 contains a legal conclusion, no response is required. To the extent a response is required, Jenkins denies the allegations set forth in Paragraph 107.

108.     Paragraph 108 does not contain any allegations against Jenkins. To the extent a response is required, Jenkins lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 108 and, therefore, denies the same.

109.     Paragraph 109 does not contain any allegations against Jenkins. To the extent a response is required, Jenkins denies that Union Home is entitled to any such relief.

110.     Jenkins denies each and every allegation of the Complaint not specifically admitted to be true.

111.     Jenkins denies the Union Home is entitled to the relief requested.

## **AFFIRMATIVE DEFENSES**

1. The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, unclean hands, and/or preemption.

3. Plaintiff's claims are barred by its own unlawful conduct in violating the Department of Housing and Urban Development's regulations for branch offices.

4. Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to perform one or more terms of the Employee Agreement.

5. Plaintiff's claims are barred, in whole or in part, because any non-competition or non-solicitation clause in the Employee Agreement between Plaintiff and Jenkins is unenforceable.

6. Plaintiff's claim for injunctive relief is barred because Plaintiff has an adequate remedy at law.

7. Plaintiff's claim for injunctive relief is barred because Plaintiff cannot prove by clear and convincing evidence that injunctive relief is necessary to prevent irreparable harm.

8. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged trade secrets or confidential information are generally known to the public and readily ascertainable by proper means.

9. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to take reasonable efforts to maintain the secrecy of its alleged trade secrets and confidential information.

10.     Plaintiff has failed to mitigate its damages.

11.     Jenkins reserves the right to amend his Answer to assert additional affirmative defenses and counterclaims established by the facts of this case during the course of investigations and discovery in this case, up to and including trial.

WHEREFORE, Defendant Jason Jenkins respectfully requires that the Complaint be dismissed with prejudice at Plaintiff's cost, that he be awarded his attorneys' fees incurred and costs expended for the defense of this action, and all other relief the Court deems appropriate.

## COUNTERCLAIM

Counterclaim Plaintiff Jason Jenkins, for his Counterclaim, alleges as follows against Counterclaim Defendant Union Home Mortgage Corp. ("Union Home"):

## PARTIES

1.     Jenkins is a resident and citizen of Michigan and resides in Grand Rapids, Michigan.

2.     Union Home is an Ohio corporation with its principal place of business in Strongsville, Ohio.

3.     Jenkins is a former employee of Union Home.

## JURISDICTION

4.     This Counterclaim arises under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This Court has jurisdiction over the subject matter of this Counterclaim action pursuant to 28 U.S.C. § 1332 as well as under the principles of pendant jurisdiction. Union Home has already submitted to the jurisdiction of this Court.

5.     If venue for Union Home's Complaint is proper, then venue for Jenkins' Counterclaim is proper pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

6.      Union Home is approved by the Department of Housing and Urban Development ("HUD") to offer and originate FHA insured loans.

7.      To qualify for approval, Union Home had to certify that it was in compliance with all HUD regulations for mortgagees, including any regulations for its branch offices.

8.      Jenkins started working at Union Home in 2013.

9.      Prior to working at Union Home, Jenkins had worked in the mortgage industry for sixteen years.  Jenkins has always originated loans while working in the industry and had developed a significant network of realtor referral sources before he joined Union Home.

10.     On January 27, 2020, Jenkins entered into an Employee Agreement with Union Home to serve as Senior Loan Officer and Branch Manager at Union Home's Grand Rapids, Michigan Office.  (See Complaint, Ex. 1)

11.     The Employee Agreement included a non-compete clause that prevented Jenkins from competing within one hundred miles of any branch office to which he was assigned prior to October 30, 2022.

12.     Moreover, the Employee Agreement states that "To the extent Employee resigns his/her employment prior to October 30, 2022, Employee agrees to be responsible for the resulting harm and expenses to the Company," indicating that the non-compete clause is about recovering expenses and not protecting Union Home from any unfair competition.   (See Complaint, Ex. 1, ¶ 2).

13.     While working at Union Home, Jenkins would earn commissions on the loans he would originate for Union Home.

14.     Prior to paying Jenkins these commissions, Union Home would deduct ten basis points of these commissions, pre-tax, to fund his marketing costs.

15.     Jenkins would then submit expense reports for reimbursement.

16.     Jenkins' branch office was very profitable prior to his leaving.

17.     Within the last year, Jenkins noticed a lot of turnover in Union Home's underwriting and loan processing department.

18.     This turnover has resulted in longer processing times and frequent mistakes.

19.     In turn, Union Home has routinely missed closing dates for the loans originated by Jenkins and others in his office.

20.     These problems with loan processing were damaging Jenkins' business reputation and hurting his relationship with his referral sources.

21.     Jenkins eventually resigned from Union Home on November 24, 2020 and joined CrossCountry Mortgage.

22.     At the time Jenkin's left, Union Home was still withholding about $2000 of his commissions to cover marketing expenses.

## FIRST COUNTERCLAIM

### Declaratory Judgment of Unenforceability

23.     Jenkins hereby incorporates by reference Paragraphs 1 through 22 as if fully set forth and restated herein.

24.     There currently exists an actual and justiciable controversy between Union Home and Jenkins as to whether the Employee Agreement between Union Home and Jenkins is enforceable.

25.     This controversy will be terminated by this Court's declaration as to whether the contract is enforceable.

26.     To originate FHA-insured loans, a mortgagee must be approved by HUD.

27.     As a condition of approval, the mortgagee must agree to comply with the provisions of the HUD regulations.

28.     Under the HUD regulations, a mortgagee must pay all of the operating expenses of its branch offices and cannot require employees at branch offices to indemnify it for expenses.

29.     Union Home is a mortgagee approved by HUD to originate FHA-insured loans.

30.     The office where Jenkins worked in Grand Rapids, Michigan was a branch office of Union Home and was approved to originate FHA-insured loans on Union Home's behalf.

31.     Under HUD regulations, Union Home is required to pay all of the operating expenses of its branch offices.

32.     A branch office is consider a prohibited "net branch office" if any of the employees are required to pay the operating expenses of the office, are required to indemnify the mortgagee for expenses, or are required to be named in contractual relationships with vendors, including advertising vendors.

33.     The purpose of these regulations is to prevent a mortgagee from using an office as a "net branch" to provide a potential revenue stream at little cost or risk to the lender by making the lender the financially responsible party for the office's obligations.

34.     Union Home did not pay all of the Grand Rapids Office's operating expenses as Jenkins was required to pay his own marketing expenses out of his commissions.

35.     In paying these expenses, Jenkins entered into contracts with these advertising vendors under his own name.

36.     Moreover, the non-compete provision in Jenkins' Employee Agreement is intended to require Jenkins to indemnify Union Home for expenses if he were to resign prior to October 30, 2022.

37.     For these reasons, Union Home's operation of the Grand Rapids Office is in violation of HUD regulations.

38.     Because Jenkins employment is tied to his work in the Grand Rapids Office, which is a prohibited "net branch" office under the HUD regulations, the Agreement is unenforceable.

39.     Jenkins requests that this Court enter an order declaring that the Employee Agreement is unenforceable for violation of HUD regulations.

## SECOND COUNTERCLAIM

### Unjust Enrichment

40.     Jenkins hereby incorporates by reference Paragraphs 1 through 39 as if fully set forth and restated herein.

41.     Jenkins conferred a benefit on Union Home by paying the marketing expenses out of his commissions, which were expenses that Union Home was required to pay under HUD regulations.

42.     Union Home was aware that Jenkins was paying these expenses.

43.     Jenkins' payment of these expenses benefitted Union Home by generating additional revenue through new customers responding to the marketing.

44.     Union Home retained this benefit without reimbursing Jenkins the costs of these expenses.

45.     Jenkins is entitled to reimbursement of the marketing expenses he paid for Union Home's benefit.

46.     Jenkins has been harmed and has suffered damages from Union Home's actions as noted in paragraphs 41 through 44 above.

## THIRD COUNTERCLAIM

### Conversion

47.     Jenkins hereby incorporates by reference Paragraph 1 through 46 as if fully set forth and restated herein.

48.     Jenkins had a right to his monthly commissions earned from the loans he originated.

49.     When Jenkins left Union Home, Union Home was still withholding a portion of Jenkins commissions to reimburse him for future marketing expenses.

50.     Union Home had no right to withhold this money as HUD regulations require Union Home to pay for all marketing expenses.

51.     Jenkins is damaged in the amount of commissions still held by Union Home after his departure.

## PRAYER FOR RELIEF

WHEREFORE, Jenkins prays:

(1)     For an order declaring that the Employee Agreement between Union Home and Jenkins is unenforceable;

(2)     For a judgment awarding Jenkins all damages, in an as yet undetermined amount, arising from Union Home's unjust enrichment;

(3)     For a judgment awarding Jenkins the portion of commissions withheld by Union Home;

(4)     For a judgment awarding Jenkins costs and attorneys' fees incurred in this matter; and

(5)     Any further relief as the Court may deem appropriate.


Respectfully submitted,

/s/ Anastasia J. Wade
Christopher J. Carney (0037597)
Michael P. O'Donnell (0078390)
Anastasia J. Wade (0082797)
BROUSE MCDOWELL
600 Superior Avenue East
Suite 1600
Cleveland, Ohio 44114
Phone: (216) 830-6830
Fax: (216) 830-6807
ccarney@brouse.com
modonnell@brouse.com
awade@brouse.com

*Counsel for Defendants Jason Jenkins and Joseph Della Torre*


## JURY DEMAND

Defendant Jason Jenkins requests a jury trial on all questions of fact in this litigation.

/s/ Anastasia J. Wade

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 31st day of December, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.


*/s/ Anastasia J. Wade*