**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNION HOME MORTGAGE CORP.,** | ) | **CASE NO.: 1:20-CV-2690** |
| | ) | |
| **Plaintiff** | ) | **JUDGE  PAMELA A. BARKER** |
| | ) | |
| **-vs-** | ) | |
| | ) | **Jury Demand Endorsed Herein** |
| | ) | |
| **JASON JENKINS, et al.,** | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | |

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DEFENDANT**
**JOSEPH DELLA TORRE**

Defendant Joseph Della Torre responds to the Verified Complaint for Preliminary and Permanent Injunctive Relief, and Damages (ECF Docket No. 1) filed by Plaintiff Union Home Mortgage Corp. ("Plaintiff") as follows:

**PARTIES**

1.      Della Torre admits the allegations set forth in Paragraph 1.

2.      Paragraph 2 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 2 and, therefore, denies the same.

3.      Della Torre admits the allegations set forth in Paragraph 3.

**JURISDICTION AND VENUE**

4.      In response to Paragraph 4, Della Torre incorporates his responses to Paragraphs 1-3 as if fully restated herein.

5.      To the extent Paragraph 5 contains a legal conclusion, no response is required.  To the extent a response is required, Della Torre denies the allegations set forth in Paragraph 5.

6.      Della Torre admits the allegations set forth in Paragraph 6.

7.      Paragraph 7 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 7 and, therefore, denies the same.

8.      Della Torre admits the allegations set forth in Paragraph 8.

9.      To the extent Paragraph 9 contains a legal conclusion, no response is required.  To the extent a response is required, Della Torre avers that the case law cited in Paragraph 9 speaks for itself.

10.      To the extent Paragraph 10 contains a legal conclusion, no response is required.  To the extent a response is required, Della Torre admits that he is a citizen of a different state than Plaintiff's state of incorporation.  Della Torre lacks sufficient knowledge to admit or deny the remaining allegations set forth in Paragraph 10 and, therefore, denies the same.

11.      Paragraph 11 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 11 and, therefore, denies the same.

12.      To the extent Paragraph 12 contains a legal conclusion, no response is required.  To the extent a response is required, Della Torre avers that the Employee Agreement speaks for itself.

13.      To the extent Paragraph 13 contains a legal conclusion, no response is required.  To the extent a response is required, Della Torre denies the allegations set forth in Paragraph 13.

14.     In response to Paragraph 14, Della Torre avers that the Employee Agreement speaks for itself.

## **FACTUAL BACKGROUND**

15.     In response to Paragraph 15, Della Torre incorporates his responses to Paragraphs 1-14 as if fully restated herein.

16.     Paragraph 16 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 16 and, therefore, denies the same.

17.     Paragraph 17 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 17 and, therefore, denies the same.

18.     Paragraph 18 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 18 and, therefore, denies the same.

19.     Della Torre denies the allegations set forth in Paragraph 19.

20.     Paragraph 20 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 20 and, therefore, denies the same.

21.     Paragraph 21 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 21 and, therefore, denies the same.

22.     Paragraph 22 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 22 and, therefore, denies the same.

23.     Paragraph 23 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 23 and, therefore, denies the same.

24.     Paragraph 24 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 24 and, therefore, denies the same.

25.     Paragraph 25 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 25 and, therefore, denies the same.

26.     Paragraph 26 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 26 and, therefore, denies the same.

27.     Paragraph 27 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 27 and, therefore, denies the same.

28.     Paragraph 28 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 28 and, therefore, denies the same.

29.     Paragraph 29 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 29 and, therefore, denies the same.

30.     Paragraph 30 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 30 and, therefore, denies the same.

31.     In response to Paragraph 31, Della Torre avers that the Employee Agreement speaks for itself.

32.     To the extent Paragraph 32 contains a legal conclusion, no response is required. To the extent a response is required, Della Torre admits that he acquired some information from Plaintiff during his employment.  Della Torre denies the remaining allegations set forth in Paragraph 17.

33.     To the extent Paragraph 33 contains a legal conclusion, no response is required. To the extent a response is required, Jenkins admits that he interacted with some customers, prospective customers, and referral sources during his time at Union Home.  Jenkins denies the remaining allegations set forth in Paragraph 33.

34.     Della Torre denies the allegations set forth in Paragraph 34.

35.     In response to Paragraph 35, Della Torre avers that the Employee Agreement speaks for itself.

36.     In response to Paragraph 36, Della Torre avers that the Employee Agreement speaks for itself.

37.     In response to Paragraph 37, Della Torre avers that the Employee Agreement speaks for itself.

38.     In response to Paragraph 38, Della Torre avers that the Employee Agreement speaks for itself.

39.     In response to Paragraph 39, Della Torre avers that the Employee Agreement speaks for itself.

40.     In response to Paragraph 40, Della Torre avers that the Employee Agreement speaks for itself.

41.     In response to Paragraph 41, Della Torre avers that the Employee Agreement speaks for itself.

42.     In response to Paragraph 42, Della Torre avers that the Della Torre Employee Agreement Addendum speaks for itself.

43.     To the extent Paragraph 43 contains a legal conclusion, no response is required. To the extent a response is required, Della Torre admits that he was an employee of Plaintiff and denies the remaining allegations set forth in Paragraph 43.

44.     To the extent Paragraph 44 contains a legal conclusion, no response is required. To the extent a response is required, Della Torre denies the allegations set forth in Paragraph 44.

45.     To the extent Paragraph 45 contains a legal conclusion, no response is required. To the extent a response is required, Della Torre denies the allegations set forth in Paragraph 45.

46.     To the extent Paragraph 46 contains a legal conclusion, no response is required. To the extent a response is required, Della Torre denies the allegations set forth in Paragraph 46.

47.     Paragraph 47 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 47 and, therefore, denies the same.

48.     Paragraph 48 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 48 and, therefore, denies the same.

49.     Paragraph 49 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 49 and, therefore, denies the same.

50.     Paragraph 50 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 50 and, therefore, denies the same.

51.     To the extent Paragraph 51 contains a legal conclusion, no response is required. To the extent a response is required, Della Torre denies the allegations set forth in Paragraph 51.

52.     Paragraph 52 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 52 and, therefore, denies the same.

53.     Paragraph 53 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 53 and, therefore, denies the same.

54.     Paragraph 54 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 54 and, therefore, denies the same.

55.     Paragraph 55 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 55 and, therefore, denies the same.

56.     Della Torre admits the allegations set forth in Paragraph 56.

57.     Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 57 and, therefore, denies the same.

58.     To the extent Paragraph 58 contains a legal conclusion, no response is required. To the extent a response is required, Della Torre denies the allegations set forth in Paragraph 58.

59.     Della Torre admits that he is employed by CrossCountry Mortgage as an Originating Branch Manager.

60.     To the extent Paragraph 60 contains a legal conclusion, no response is required. To the extent a response is required, Della Torre admits that he is working for CrossCountry Mortgage as an Originating Branch Manager in the Rehoboth Beach, Delaware area.

61.     Paragraph 61 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 61 and, therefore, denies the same.

62.     Paragraph 62 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 62 and, therefore, denies the same.

63.     Paragraph 63 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 63 and, therefore, denies the same.

64.     Paragraph 64 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 64 and, therefore, denies the same.

## COUNT I

65.     In response to Paragraph 65, Della Torre incorporates his responses to Paragraphs 1-64 as if fully restated herein.

66.     Paragraph 66 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 66 and, therefore, denies the same.

67.     To the extent Paragraph 67 contains a legal conclusion, no response is required. To the extent a response is required, Della Torre denies the allegations set forth in Paragraph 67.

68.     Paragraph 68 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 68 and, therefore, denies the same.

69.     To the extent Paragraph 69 contains a legal conclusion, no response is required. To the extent a response is required, Della Torre avers that the Employee Agreement speaks for itself.

70.     Paragraph 70 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 70 and, therefore, denies the same.

71.     To the extent Paragraph 71 contains a legal conclusion, no response is required. To the extent a response is required, Della Torre denies the allegations set forth in Paragraph 71.

72.     Paragraph 72 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 72 and, therefore, denies the same.

73.     To the extent Paragraph 73 contains a legal conclusion, no response is required. To the extent a response is required, Della Torre denies the allegations set forth in Paragraph 73.

## COUNT II

74.     In response to Paragraph 74, Della Torre incorporates his responses to Paragraphs 1-73 as if fully restated herein.

75.     Paragraph 75 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 75 and, therefore, denies the same.

76.     Paragraph 76 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 76 and, therefore, denies the same.

77.     Paragraph 77 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 77 and, therefore, denies the same.

## COUNT III

78.     In response to Paragraph 78, Della Torre incorporates his responses to Paragraphs 1-77 as if fully restated herein.

79.     Paragraph 79 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 79 and, therefore, denies the same.

80.     Paragraph 80 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 80 and, therefore, denies the same.

81.     Paragraph 81 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 81 and, therefore, denies the same.

82.     Paragraph 82 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 82 and, therefore, denies the same.

83.     Paragraph 83 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 83 and, therefore, denies the same.

<u>**COUNT IV**</u>

84.     In response to Paragraph 84, Della Torre incorporates his responses to Paragraphs 1-83 as if fully restated herein.

85.     Paragraph 85 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 85 and, therefore, denies the same.

86.     Paragraph 86 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 86 and, therefore, denies the same.

87.     Paragraph 87 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 87 and, therefore, denies the same.

88.     Paragraph 88 does not contain any allegations against Della Torre. To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 88 and, therefore, denies the same.

89.     Paragraph 89 does not contain any allegations against Della Torre. To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 89 and, therefore, denies the same.

## COUNT V

90.     In response to Paragraph 90, Della Torre incorporates his responses to Paragraphs 1-89 as if fully restated herein.

91.     Paragraph 91 does not contain any allegations against Della Torre. To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 91 and, therefore, denies the same.

92.     Paragraph 92 does not contain any allegations against Della Torre. To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 92 and, therefore, denies the same.

93.     Paragraph 93 does not contain any allegations against Della Torre. To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 93 and, therefore, denies the same.

## REQUEST FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

94.     In response to Paragraph 94, Della Torre incorporates his responses to Paragraphs 1-93 as if fully restated herein.

95.     Paragraph 95 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 95 and, therefore, denies the same.

96.     Paragraph 96 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 96 and, therefore, denies the same.

97.     Paragraph 97 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 97 and, therefore, denies the same.

98.     Paragraph 98 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 98 and, therefore, denies the same.

99.     Paragraph 99 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 99 and, therefore, denies the same.

100.    To the extent Paragraph 100 contains a legal conclusion, no response is required. To the extent a response is required, Della Torre denies the allegations set forth in Paragraph 100.

101.    Paragraph 101 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 101 and, therefore, denies the same.

102.    To the extent Paragraph 102 contains a legal conclusion, no response is required. To the extent a response is required, Della Torre denies the allegations set forth in Paragraph 102.

103.    To the extent, Paragraph 103 contains a legal conclusion, no response is required. To the extent a response is required, Della Torre avers that the Employee Agreement speaks for itself.

104.    To the extent Paragraph 104 contains a legal conclusion, no response is required. To the extent a response is required, Della Torre denies the allegations set forth in Paragraph 104.

105.    To the extent Paragraph 105 contains a legal conclusion, no response is required. To the extent a response is required, Della Torre denies the allegations set forth in Paragraph 105.

106.    To the extent Paragraph 106 contains a legal conclusion, no response is required. To the extent a response is required, Della Torre denies the allegations set forth in Paragraph 106.

107.    To the extent Paragraph 107 contains a legal conclusion, no response is required. To the extent a response is required, Della Torre denies the allegations set forth in Paragraph 107.

108.    To the extent Paragraph 108 contains a legal conclusion, no response is required. To the extent a response is required, Della Torre denies the allegations set forth in Paragraph 108.

109.    Paragraph 109 does not contain any allegations against Della Torre.  To the extent a response is required, Della Torre denies that Union Home is entitled to any such relief.

110.    Della Torre denies each and every allegation of the Complaint not specifically admitted to be true.

111.    Della Torre denies that Plaintiff is entitled to any of the requested relief set forth in its Verified Complaint.

## AFFIRMATIVE DEFENSES

1.    The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2.    Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, unclean hands, and/or preemption.

3.    Plaintiff's claims are barred by its own unlawful conduct in violating the Department of Housing and Urban Development's regulations for branch offices.

4.    Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to perform one or more terms of the Employee Agreement.

5.    Plaintiff's claims are barred, in whole or in part, because any non-competition clause in the Employee Agreement between Plaintiff and Della Torre or its addendum is unenforceable.

6.    Plaintiff's claim for injunctive relief is barred because Plaintiff has an adequate remedy at law.

7.    Plaintiff's claim for injunctive relief is barred because Plaintiff cannot prove by clear and convincing evidence that injunctive relief is necessary to prevent irreparable harm.

8.    Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged trade secrets or confidential information are generally known to the public and readily ascertainable by proper means.

9.      Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to take reasonable efforts to maintain the secrecy of its alleged trade secrets and confidential information.

10.      Plaintiff has failed to mitigate its damages.

11.      Della Torre reserves the right to amend his Answer to assert additional affirmative defenses and counterclaims established by the facts of this case during the course of investigations and discovery in this case, up to and including trial.

WHEREFORE, Defendant Joseph Della Torre respectfully requires that the Complaint be dismissed with prejudice at Plaintiff's cost, that he be awarded his attorneys' fees incurred and costs expended for the defense of this action, and all other relief the Court deems appropriate.

## COUNTERCLAIM

Counterclaim Plaintiff Joseph Della Torre, for his Counterclaim, alleges as follows against Counterclaim Defendant Union Home Mortgage Corp. ("Union Home"):

## PARTIES

1.      Della Torre is a resident and citizen of Delaware and resides in Rehoboth Beach, Delaware.

2.      Union Home is an Ohio corporation with its principal place of business in Strongsville, Ohio.

3.      Della Torre is a former employee of Union Home.

## JURISDICTION

4.      This Counterclaim arises under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This Court has jurisdiction over the subject matter of this Counterclaim

action pursuant to 28 U.S.C. § 1332 as well as under the principles of pendant jurisdiction. Union Home has already submitted to the jurisdiction of this Court.

5.     If venue for Union Home's Complaint is proper, then venue for Della Torre's Counterclaim is proper pursuant to 28 U.S.C. §§ 1391 and 1400.

## FACTUAL ALLEGATIONS

6.     Union Home is approved by the Department of Housing and Urban Development ("HUD") to offer and originate FHA insured loans.

7.     To qualify for approval, Union Home had to certify that it is in compliance with all HUD regulations for mortgagees, including any regulations for its branch offices.

8.     On February 28, 2018, Della Torre entered into an Employee Agreement with Union Home.

9.     The Employee Agreement included a non-compete clause that prevented Della Torre from competing within one hundred miles of any branch office to which he was assigned prior to February 28, 2019.

10.     While Della Torre's title at Union Home was as an Areas Sales Manager, he was essentially a loan officer and loan originator.

11.     Prior to working for Union Home, Della Torre had worked for similar mortgage companies, including Acopia, Delaware National Bank, SunTrust Bank, and Fairway Mortgage in a loan officer and loan originator role and had developed a significant network of realtor referral sources before he joined Union Home.

12.     He has worked in the same office in Rehoboth, Delaware since 2004, but the lease has always been covered by his employer at the time, which is common in the mortgage industry.

13.     When Della Torre moved to Union Home, Union Home took over the office lease and paid the monthly rent and utilities.

14.     Della Torre's Rehoboth Office became a branch office for Union Home in accordance with HUD regulations.

15.     Della Torre, however, was still responsible for all marketing expenses for the office, the desk rental expense for a desk at Coldwell Banker, and the cost of a billboard along the highway.

16.     After Della Torre worked for Union Home for a year, he entered into a "Branch Loan Officer Employment Agreement Extension Addendum" on February 27, 2018.

17.     The Addendum extended the non-competition portion of the Employee Agreement until August 28, 2021 and noted that the new date "is dated six months beyond the expiration of the Rehoboth Beach Delaware Office Lease expiration of 2/28/21."

18.     After Della Torre signed the Addendum, the loan processor he had been working with left Union Home and Della Torre was forced to work with a new and inexperienced loan processor.

19.     The new loan processor was slow and sloppy, which routinely delayed loan settlements.

20.     In some cases, the loan processor would miscalculate the costs due on the day of closing and the borrower, as a result, would not have a check with enough money to settle the loan.  To prevent the closing from being further delayed, Della Torre was required to personally fund the shortfall in the amount due with a personal check.

21.     As a result of the regular delays in closings, Della Torre's referral sources began to get frustrated and stopped referring work to Della Torre.  In turn, Della Torre began to lose significant business.

22.     Della Torre regularly told Union Home about these processing problems and the effect on business, but Union Home failed to do anything in response.

23.     In June, 2020, Della Torre told Union Home that he would leave unless the loan processing problems were fixed.

24.     In late November, 2020, Della Torre resigned from his employment with Union Home and began working with CrossCountry Mortgage.

25.     CrossCountry Mortgage has attempted to take over the lease for the Rehoboth Office.

26.     At the time he left Union Home, Della Torre was the only loan officer in Southern Delaware and the only other Union Home loan office was located in Newark, Delaware and one and one-half hours from Della Torre's office in Rehoboth.

## FIRST COUNTERCLAIM

### Declaratory Judgment of Unenforceability

27.     Della Torre hereby incorporates by reference Paragraphs 1 through 26 as if fully set forth and restated herein.

28.     There currently exists an actual and justiciable controversy between Union Home and Della Torre as to whether the Employee Agreement and Addendum between Union Home and Della Torre are enforceable.

29.     This controversy will be terminated by this Court's declaration as to whether the contract is enforceable.

30. To originate FHA-insured loans, a mortgagee must be approved by HUD.

31. As a condition of approval, the mortgagee must agree to comply with the provisions of the HUD regulations.

32. Under the HUD regulations, a mortgagee must pay all of the operating expenses of its branch offices.

33. Union Home is a mortgagee approved by HUD to originate FHA-insured loans.

34. Della Torre's Rehoboth Office in Delaware was a branch office of Union Home and was approved to originate FHA-insured loans on Union Home's behalf.

35. Under HUD regulations, Union Home is required to pay all of the operating expenses of its branch offices.

36. A branch office is consider a prohibited "net branch office" if any of the employees are required to pay the operating expenses of the office or are required to be named in contractual relationships with vendors, including advertising vendors.

37. The purpose of these regulations is to prevent a mortgagee from using an office as a "net branch" to provide a potential revenue stream at little cost to the lender by making the lender the financially responsible party for the office's obligations.

38. Union Home did not pay all of the Rehoboth Office's operating expenses as Della Torre was required to pay marketing expenses, the desk rental at Coldwell Banker and the cost of a billboard.

39. In paying these expenses, Della Torre entered into contracts with these advertising vendors under his own name.

40. For these reasons, Union Home's operation of the Rehoboth Office is in violation of HUD regulations.

41.     Because Della Torre's Employment Agreement is explicitly tied to the Rehoboth Office, which is a prohibited "net branch" office under the HUD regulations, the Agreement is unenforceable.

42.     Moreover, the non-compete clause in Della Torre's Employee Agreement and the Addendum is expressly tied to the lease of the Rehoboth Office.

43.     By extending his noncompetition period in accordance with the office lease term, Union Home is attempting to shift to Della Torre the obligations for the lease, which, if not expressly a violation of HUD regulations, is against the public policy of HUD and an attempt to create a prohibited net branch office.

44.     Della Torre requests that this Court enter an order declaring that the Employee Agreement and the Addendum are unenforceable for violation of HUD regulations.

## SECOND COUNTERCLAIM

### Unjust Enrichment

45.     Della Torre hereby incorporates by reference Paragraphs 1 through 44 as if fully set forth and restated herein.

46.     Della Torre conferred a benefit on Union Home by paying the marketing expenses, desk rental for desk at Coldwell Banker, and billboard costs, which were expenses that Union Home was required to pay under HUD regulations.

47.     Della Torre also conferred a benefit on Union Home by paying the shortfall in costs due at the closing to make sure that the costs were paid and the loans closed on time.

48.     Union Home was aware that Della Torre was paying these expenses.

49.     Della Torre's payment of these expenses benefitted Union Home by generating additional revenue through new customers responding to the marketing, additional referrals from Coldwell Banker and keeping loans at Union Home.

50.     Union Home retained this benefit without reimbursing Della Torre the costs of these expenses.

51.     Della Torre is entitled to reimbursement of the marketing expenses, desk rental billboard costs, and closing costs he paid for Union Home's benefit.

52.     Della Torre has been harmed and has suffered damages from Union Home's actions as noted in paragraphs 46 through 51 above.

## PRAYER FOR RELIEF

WHEREFORE, Della Torre prays:

(1)     For an order declaring that the Employee Agreement and the Addendum between Union Home and Della Torre is unenforceable;

(2)     For a judgment awarding Della Torre all damages, in an as yet undetermined amount, arising from Union Home's unjust enrichment;

(3)     For a judgment awarding Della Torre costs and attorneys' fees incurred in this matter; and

(4)     Any further relief as the Court may deem appropriate.

Respectfully submitted,

/s/ *Anastasia J. Wade*
Christopher J. Carney (0037597)
Michael P. O'Donnell (0078390)
Anastasia J. Wade (0082797)
BROUSE MCDOWELL
600 Superior Avenue East
Suite 1600
Cleveland, Ohio 44114

22

Phone: (216) 830-6830
Fax: (216) 830-6807
ccarney@brouse.com
modonnell@brouse.com
awade@brouse.com

*Counsel for Defendants Jason Jenkins and
Joseph Della Torre*

## JURY DEMAND

Defendant Joseph Della Torre requests a jury trial on all questions of fact in this litigation.

*/s/ Anastasia J. Wade*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 31st day of December, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ Anastasia J. Wade*