IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **UNION HOME MORTGAGE CORP.,** | : |
| **Plaintiff** | : |
| -vs- | : CASE NO.: 1:20-CV-2690 |
| | : JUDGE PAMELA A. BARKER |
| **JASON JENKINS, et al.,** | : |
| **Defendants** | : |

**PLAINTIFF UNION HOME MORTGAGE CORP.'S MOTION TO EXTEND THE PRELIMINARY INJUNCTION AS TO DEFENDANT DELLA TORRE**

Plaintiff Union Home Mortgage Corp. ("Union Home"), by counsel, respectfully moves the Court to extend the May 18, 2021 Preliminary Injunction Order pertaining to Defendant Joseph Della Torre ("Della Torre") through May 18, 2022. Specifically, the Court did not extend the period of the injunction as provided for in the underlying agreement as it found no evidence that Della Torre had violated the covenant not to compete, as modified by the Court, which essentially prohibited him from servicing clients or prospective clients he had serviced at Union Home. However, the evidence attached to this filing demonstrates that Della Torre did, in fact, violate the modified version of the non-compete provision in the Court's Order. Della Torre clearly worked with his past Union Home clients by originating no cash-out refinance loans for his prior Union Home clients on behalf of his new employer and Union Home's direct competitor, CrossCountry Mortgage ("CrossCountry"). Therefore, based upon footnote 5 of the Court's Order, and the evidence showing clear violations of the modified non-compete provision as outlined in the attached Memorandum in Support and incorporated herein, Union Home respectfully requests the

1

Court enforce Paragraph 4(a) of Della Torre's Employee Agreement and extend the modified version of the non-compete provision one year from the Court's Order.

Respectfully submitted,

*/s/ Jason T. Clagg*
Jason T. Clagg (Ohio Bar No. 0097303)
(jason.clagg@btlaw.com)
BARNES & THORNBURG LLP
888 South Harrison Street, Suite 600
Fort Wayne, IN 46802
Phone: (260) 423-9440
Fax:    (260) 424-8316

Paul N. Garinger (Ohio Bar No. 0079897)
(paul.garinger@btlaw.com)
BARNES & THORNBURG LLP
41 South High Street, Suite 3300
Columbus, OH 43215
Phone: (614) 628-0096
Fax:    (614) 628-1433

*Attorneys for Plaintiff Union Home Mortgage Corp.*

## MEMORANDUM IN SUPPORT

The Court's May 18, 2021 Memorandum of Opinion and Order (the "Order") granted in part and denied in part Union Home's Motion for Preliminary Injunction. (Doc. No. 57). The Court's Order found that "the non-compete covenant of the Employee Agreement should be limited and enforced only to preclude Della Torre form soliciting or providing any services to customers or prospective customers he serviced while employed by Union Home or for which he received confidential information while employed by Union Home within 100 miles of Union Home's former Rehoboth Beach branch office until **August 28, 2021**." (Doc. No. 57, p. 24 (emphasis added)).

In footnote 5 to the Order, the Court notes that "Union Home asserts that the restricted period should be extended to one year form the Court's order, or until May 18, 2022, enforcing the non-compete covenant based on Paragraph 4(a) of Della Torre's Employee Agreement because Della Torre has violated the agreement by working for CrossCountry." (Doc. No. 57, fn 5). The Court further noted, however, that "there is no evidence that Della Torre violated the modified version of the non-compete provision found to be reasonable by the Court. There is no evidence that Della Torre has attempted to work with any of his past clients at Union Home." *Id.*

Union Home has discovered clear evidence that Della Torre has not only attempted to work with his former Union Home clients since moving to CrossCountry, but has actually closed loans for at least four of his Union Home customers at CrossCountry. This constitutes evidence of a clear violation of the Court's modified version of the non-compete provision, such that the restricted period should be extended one year from the Court's order, or May 18, 2022.

Union Home has reviewed a listing of its customers whose loans were originated by Joseph Della Torre, and who paid off their loans early following Della Torre's departure from Union

3

Home.  (Declaration of Jim Ferriter, ¶ 3, attached as Exhibit A[1], hereinafter "Declaration"). CrossCountry produced the attached spreadsheet identifying those customers for whom Della Torre has closed loans for at CrossCountry. (CCM0000599, attached as Exhibit B)[2]. A comparison of these listings shows Della Torre has worked with four of his prior Union Home customers to refinance their loans with CrossCountry[3]: Elizabeth D_____, Dina T_____, Myles M____, and Ronnie & Elaine Pl_____[4]. Elizabeth D_____'s Union Home loan was paid off early on January 7, 2021. (Declaration, ¶ 4). Dina T_____'s Union Home loan was paid off early on February 1, 2021. (Declaration, ¶ 5). Myles M____'s Union Home loan was paid off early on March 11, 2021, and Elaine Pl_____'s Union Home loan was paid off early on March 23, 2021.  (Declaration, ¶¶ 6 & 7).

According to Exhibit B, Della Torre started a file for Elizabeth D_____ at CrossCountry on December 4, 2020, just ten days after resigning from Union Home on November 24, 2021. (Exhibit B).  Della Torre then closed a no cash-out refinance for Elizabeth D_____ at CrossCountry. (Exhibit B). Della Torre started a file for Dina T_____ on December 31, 2020 and also completed a no cash-out refinance.  (Exhibit B).  Della Torre started a file for Myles M____ on January 7, 2021, and completed a no cash-out refinance. (Exhibit B). Finally, Della Torre started a file for Ronnie J. Pl_____ on February 22, 2021 for a no cash-out refinance. (Exhibit B).  Della Torre was the loan officer for all four of these Union Home loans that were

---

[1] Union Home is contemporaneously filing a Motion to file Exhibit 1 to Jim Ferriter's Declaration under Seal, as it contains confidential Union Home customer information and is marked Confidential pursuant to the Stipulated Protective Order entered by the Court, Dkt. 18.  Exhibit 1 to the Ferriter Declaration will be filed pursuant to the Court's further Order.
[2] Union Home is contemporaneously filing a Motion to file Exhibit B under Seal, as it was produced and designated as Highly Confidential subject to the Stipulated Protective Order entered by the Court. Dkt. 18. Exhibit B will be filed pursuant to the Court's further Order.
[3] Union Home is redacting all but the first letter of each customer's last name.
[4] Union Home's loan is under Elaine J. Pl_____. (Declaration Exhibit 1). CrossCountry's loan originated by Della Torre is listed under Ronnie J. Pl_____, with the same last name and at the same address. (Exhibit B).

4

refinanced by the same customers at CrossCountry with Della Torre as the loan officer.

Therefore, it is clear Della Torre not only attempted to work with his prior Union Home customers, but actually closed no cash-out refinances for these same customers at CrossCountry—effectively taking his Union Home customers to CrossCountry. Such undisputed evidence shows "Della Torre violated the modified version of the non-compete provision found to be reasonable by the Court." (Doc. No. 57, fn 5).

As the Court already recognized, Paragraph 4(a) of Della Torre's Employee Agreement provides, in relevant part, as follows:

> In the event Employee violates any covenant as set forth herein, the term of all covenants contained herein shall automatically be extended for a period of one (1) year after the later of (a) the date on which Employee ceases such violation; or (b) the date of the entry by a court of competent jurisdiction of any order or judgment enforcing such covenant, term or provision . . .

(Doc No. 1, Ex B, ¶4(a)). As such, the Court's Order granting in part Union Home's Motion for Preliminary Injunction should be extended one year based upon the clear evidence that Della Torre violated the Court's modified version of the non-compete provision. This Court in *Payne, supra*, enforced a virtually identical provision and held that "[b]ecause the Court has found a violation of the agreement, a one year extension would be warranted thereunder." *Union Home Mortg. Corp. v. Payne*, 2020 U.S. Dist. LEXIS 132097, at *26 (N.D. Ohio Mar. 9, 2020).

Respectfully submitted,

*/s/ Jason T. Clagg*
Jason T. Clagg (Ohio Bar No. 0097303)
(jason.clagg@btlaw.com)
BARNES & THORNBURG LLP
888 South Harrison Street, Suite 600
Fort Wayne, IN 46802
Phone: (260) 423-9440
Fax:    (260) 424-8316

Paul N. Garinger (Ohio Bar No. 0079897)

5

(paul.garinger@btlaw.com)
BARNES & THORNBURG LLP
41 South High Street, Suite 3300
Columbus, OH 43215
Phone: (614) 628-0096
Fax:    (614) 628-1433

*Attorneys for Plaintiff Union Home Mortgage Corp.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 19, 2021, a true and accurate copy of the foregoing was served via the Court's CM/ECF system on the counsel of record.

*/s/ Jason T. Clagg*
Jason T. Clagg
