# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNION HOME MORTGAGE CORP.,** | Case No. 1:20-cv-02690-PAB |
| **Plaintiff** | |
| v. | **JUDGE PAMELA A. BARKER** |
| **JASON JENKINS, et al.,** | |
| | **MEMORANDUM OPINION & ORDER** |
| **Defendants** | |

This matter is before the Court upon Plaintiff's Motion to Extend the Preliminary Injunction as to Defendant Della Torre, filed on August 19, 2021. (Doc. No. 78.) On September 2, 2021, Defendant filed an Opposition to Plaintiff's Motion (Doc. No. 82), to which Plaintiff replied on September 9, 2021. (Doc. No. 84.) For the reasons set forth herein, Plaintiff's Motion to Extend the Preliminary Injunction as to Defendant Della Torre (Doc. No. 78) is GRANTED.

### I.   Background

The Court previously set forth a detailed background of this case in its May 18, 2021 Memorandum Opinion and Order ("May 18th Order") granting in part and denying in part Plaintiff Union Home Mortgage Corp.'s ("Plaintiff" or "Union Home") Motion for a Preliminary Injunction against Defendant Joseph Della Torre ("Defendant" or "Della Torre"). (*See* Doc. No. 57 at PageID# 2055-61.) The Court will therefore set out only the background relevant to the instant Motion.

Della Torre was previously employed as a loan officer by Union Home. (*Id.* at PageID# 2056.) As part of his employment, Della Torre entered into an Employee Agreement with Union Home. The Employee Agreement "contained a non-compete covenant, a confidentiality covenant, a non-

solicitation covenant, and a clause regarding the extension of these provisions in the event of a violation." (*Id.* at PageID# 2057.) Relevant to the instant Motion, Paragraph 4(a) of the Employee Agreement provided:

> 4. a. In the event Employee violates any covenant as set forth herein, the term of all covenants contained herein shall automatically be extended for a period of one (1) year after the later of (a) the date on which Employee ceases such violation; or **(b) the date of the entry by a court of competent jurisdiction of any order or judgment enforcing such covenant, term or provision** . . . .

(*Id.*) (emphasis added).

Della Torre officially resigned from Union Home on November 24, 2020 and started working for CrossCountry Mortgage ("CrossCountry"), a direct competitor of Union Home. (*Id.* at PageID# 2060.) On December 2, 2020, Union Home filed a Complaint against Della Torre and Jason Jenkins, another former Union Home loan officer. (Doc. No. 1.) With respect to Della Torre, Union Home set forth a single count based on his alleged breach of the covenant not to compete in his Employee Agreement. (*Id.* at ¶¶ 65-73.) Simultaneously with its Complaint, Union Home filed a Motion for Preliminary Injunction, seeking to enjoin Della Torre from continuing his employment with CrossCountry in Rehoboth Beach in violation of the Employee Agreement. (Doc. Nos. 3, 4.)

On May 5, 2021, the Court held a preliminary injunction hearing during which Della Torre and Union Home's National Retail Sales Manager James Ferriter ("Ferriter") testified and both parties introduced additional evidence. (Doc. No. 56.) On May 18, 2021, the Court granted in part and denied in part Union Home's Motion for Preliminary Injunction. (Doc. No. 57 at PageID# 2084-85.) The Court declined to enforce the entire non-compete covenant against Della Torre as set forth in the Employee Agreement, but modified it as follows:

> [T]he Court finds the non-compete covenant of the Employee Agreement should be limited and enforced only to preclude Della Torre from soliciting or providing any

services to customers or prospective customers he serviced while employed by Union Home or for which he received confidential information while employed by Union Home within 100 miles of Union Home's former Rehoboth Beach branch office until August 28, 2021.

(*Id.* at PageID# 2078; 2084-85.) In footnote 5 of the Court's opinion, the Court acknowledged Union Home's argument that "the restricted period should be extended to one year from the Court's order enforcing the non-compete covenant based on Paragraph 4(a) of Della Torre's Employee Agreement." (*Id.* at n. 5). At the time of its Order, the Court declined to extend the non-compete period, observing that:

> Union Home has not presented any evidence that Della Torre violated the modified version of the non-compete provision found to be reasonable by the Court. There is no evidence that Della Torre has attempted to work with any of his past clients at Union Home. . . . As a result, extension of the non-compete period is not warranted.

(*Id.* at PageID# 2078 n. 5.) Thus, according to the May 18th Order, the Preliminary Injunction against Della Torre would expire on August 28, 2021. (*Id.* at PageID# 2084-85.)

On August 19, 2021, Union Home filed the instant Motion to Extend the Preliminary Injunction. (Doc. No. 78.) According to Union Home, it "has discovered clear evidence that Della Torre has not only attempted to work with his former Union Home clients since moving to CrossCountry, but has actually closed loans for at least four of his Union Home customers at CrossCountry." (*Id.* at PageID# 2558.) Union Home reviewed a list of its customers whose loans were originated by Della Torre, and who paid off their loans early after Della Torre left Union Home. (*Id.* at PageID# 2558-59; Doc. 78-1 at ¶ 3.) Union Home identified four of Della Torre's prior Union Home customers who refinanced their loans with CrossCountry. (*Id.* at PageID# 2559; Doc. 78-1 at ¶¶ 4-7.) Now, Union Home moves the Court to extend its modified version of the non-compete provision to comport with the year-long restrictive covenant found in Paragraph 4(a) of the Employee

3

Agreement. (Doc. No. 78 at PageID# 2560.) In other words, Union Home asks this Court to modify the expiration date of the Preliminary Injunction against Della Torre from August 28, 2021 to May 18, 2022. (*Id.*)

Della Torre filed an Opposition to the Motion on September 2, 2021 (Doc. No. 82), to which Union Home replied on September 9, 2021. (Doc. No. 84.) The instant Motion to Extend the Preliminary Injunction as to Defendant Della Torre is ripe for decision.

**II.     Analysis**

Union Home moves to extend the Court's Preliminary Injunction Order pertaining to Della Torre from August 28, 2021 through May 18, 2022. (Doc. No. 78 at PageID# 2556.) Union Home argues that such a modification is in accordance with Paragraph 4(a) of the Employee Agreement between Union Home and Della Torre. Union Home argues that, based on its review of the customer spreadsheet data, it is clear that Della Torre "not only attempted to work with his prior Union Home customers, but actually closed no cash-out refinances for these same customers at CrossCountry— effectively taking his Union Home customers to CrossCountry." (*Id.* at PageID# 2560.) Accordingly, Union Home argues that Della Torre has violated the Court's modified non-compete provision and that the Preliminary Injunction should be extended one year from the date of the Court's prior order. (*Id.*)

In his Opposition, Della Torre argues: (1) that Union Home fails to establish that it is entitled to another preliminary injunction because Union Home does not address any of the four factors for deciding the merits of a preliminary injunction; and (2) that Union Home's evidence of Della Torre originating loans at CrossCountry for four of his prior Union Home customers was discoverable at

the time of the hearing for the Preliminary Injunction, and as such, cannot be raised here as "new" in support of Union Home's Motion to Extend the Preliminary Injunction. (Doc. No. 82, PageID# 2786.)

"In general, courts must examine four factors in deciding whether to grant a preliminary injunction: (1) whether the movant has demonstrated a substantial likelihood of success on the merits, (2) whether the movant will suffer irreparable injury absent injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether the public interest will be served by an injunction." *Flight Options, LLC v. Int'l Bhd. of Teamsters, Local 1108*, 863 F.3d 529, 539-40 (6th Cir. 2017). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

"'A trial court's power to modify [an injunction], like the power over all its orders, is inherent.'" *Yolton v. El Paso Tenn. Pipeline Co.*, No. 02-75164, 2007 WL 3037709, at *2 (E.D. Mich. Oct. 17, 2007) (quoting *Sierra Club v. U.S. Army Corp of Eng'rs*, 732 F.2d 253, 256 (2d Cir. 1984)). "When modifying a preliminary injunction, a court is charged with the exercise of the same discretion it exercised in granting or denying injunctive relief in the first place." *Id.* (citation omitted); *see also Welch v. Brown*, No. 12-13808, 2014 WL 2931389, at *2 (E.D. Mich. June 30, 2014). "'The test of that discretion is measured by whether the requested modification effectuates or thwarts the purpose behind the injunction'-i.e., 'whether or not the *status quo* is maintained by the injunction.'" *Id.* (quoting *Sierra Club*, 732 F.2d at 257). As the Second Circuit explained in *Sierra Club*: "An injunction is an ambulatory remedy that marches along according to the nature of the proceedings. It is executory and subject to adaption as events may shape the need ..." 732 F.2d at 257. Accordingly, a district court "'is authorized to make any changes in the injunction that are equitable in light of subsequent changes in the facts or law or for any other good reason.'" *Id.* (quoting *Movie Sys., Inc.*

*v. MAD Minneapolis Distrib.*, 717 F.2d 427, 430 (9th Cir. 1983)). "'Generally, a district court has the authority to modify its injunctive decrees where changed circumstances require modification so as to effectuate the purposes underlying the initial grant of relief.'" *The RightThing, LLC v. Brown*, No. 3:09-cv-135, 2009 WL 1954632, at *2 (N.D. Ohio July 6, 2009) (quoting *Pro Edge L.P. v. Gue*, 411 F. Supp. 2d 1080, 1086-87 (N.D. Iowa 2006)).

As an initial matter, although titled as a "Motion to Extend," the Court construes Union Home's Motion as seeking a modification of the Preliminary Injunction to conform with Paragraph 4(a) of the Employee Agreement. (*See* Doc. No. 57 at PageID# 2057; 2078 n. 5.) Previously, the Court declined to extend its modified version of the non-compete provision to one year from the date of issuance. However, for the following reasons, the Court will now modify the Preliminary Injunction set forth in its May 18th Order by conforming it to Paragraph 4(a) of the Employee Agreement. Accordingly, the Preliminary Injunction as to Della Torre will be extended until May 18, 2022.

Previously, the Court declined to extend the Preliminary Injunction one year from the Order because, as of May 18, 2021, "Union Home ha[d] not presented any [reasonable] evidence that Della Torre violated the modified version of the non-compete provision . . . ." (*Id.* at PageID# 2078 n. 5.) The Court concluded that "[t]here [was] no evidence that Della Torre ha[d] attempted to work with any of his past clients at Union Home." (*Id.*) However, Union Home now presents evidence that "Della Torre has not only attempted to work with his former Union Home clients since moving to CrossCountry, but has actually closed loans for at least four of his Union Home customers at CrossCountry." (Doc. No. 78 at PageID# 2558.) Union Home identifies four customers whose loans Della Torre originated while at Union Home, and who paid off their loans early following Della

Torre's departure from Union Home. (Doc. No. 78-1 at ¶¶ 3-7.) Della Torre worked "to refinance their loans with CrossCountry" and "was the loan officer for all four of these Union Home loans that were refinanced by the same customers at CrossCountry with Della Torre as the loan officer." (Doc. No. 78 at PageID# 2559-60.) It is apparent, based on Union Home's evidence, that Della Torre has violated "the Court's modified version of the non-compete provision", and thus, the preliminary injunction as to Della Torre should be extended until May 18, 2022. (Doc. No. 78 at PageID# 2558.)

The Court is not persuaded by Della Torre's arguments urging it to deny Union Home's Motion. First, the Court rejects Della Torre's argument that Union Home "has not provided any new facts or evidence to justify modifying or reconsidering" the Court's prior Order. (Doc. No. 82 at PageID# 2786.) First, Della Torre's cited cases as to this argument are distinguishable from the instant Motion. In *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, the court addressed a motion for reconsideration of the district court's ruling on a motion to dismiss and the motion for reconsideration was granted due to a clear error of law. 590 F.3d at 384, 389. Similarly, *Gooch v. Life Inv'rs Ins. Co. of Am.* involved a motion to dissolve the preliminary injunction. 672 F.3d at 414. The court concluded that "Life Investors'[] motion is not based on new evidence and, therefore, is not a proper motion for dissolution." *Id.* at 415. *See also Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 958-60 (6th Cir. 2004) (addressing a motion for reconsideration); *McConocha v. Blue Cross and Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1183-84 (N.D. Ohio 1996) (on motion for reconsideration of a summary judgment ruling). Both *Louisville/Jefferson Cty.* and *Gooch* involved motions to reconsider and/or dissolve a preliminary injunction, whereas here, Union Home simply asks the Court to modify the existing Preliminary Injunction by enforcing the year-long restrictive covenant to which Della Torre previously agreed. (*See* Doc. No. 84 at PageID# 2803.) The

Court agrees with Union Home that it is appropriate to modify the instant Preliminary Injunction to enforce Della Torre's agreed-upon contract, particularly in light of Union Home's undisputed evidence that Della Torre solicited his former Union Home clients. (*Id.*)

Moreover, the Court is not persuaded by Della Torre's insistence that Union Home may not now present evidence of Della Torre's solicitation of former Union Home customers. (*See* Doc. No. 82, PageID# 2787-88.) Union Home does not deny that it possessed the CrossCountry spreadsheet enabling it to identify the four customers for whom Della Torre closed loans prior to the Preliminary Injunction hearing. (Doc. No. 84 at PageID# 2804 & n. 2.) The Court agrees that Union Home has not waived its position by not foreseeing that the Court would modify the non-compete provision and preclude Della Torre "from soliciting or providing any services to customers or prospective customers he serviced while employed by Union Home." (Doc. No. 57 at PageID# 2078.) It was only after the Court issued its modified non-compete covenant in its May 18th Order—which expressly restricted Della Torre from soliciting former customers—that Union Home then investigated whether Della Torre had violated the modified covenant. (*Id.*; Doc. No. 84 at PageID# 2804.) Union Home's subsequent investigation demonstrated that Della Torre's testimony referenced in the Court's May 18th Order was demonstrably false as to his not soliciting any former customers. Union Home's evidence indicates that he had started files at CrossCountry for some of his former Union Home customers shortly after leaving Union Home and completed no cash-out refinances for them at CrossCountry. (*See* Doc. No. 78 at PageID# 2559-60 & Ex. B (Doc. No. 80-2 under seal); Doc. No. 78-1 at ¶¶ 3-7.) The Court's modification of Della Torre's non-compete covenant was premised on Della Torre's testimony and a perceived lack of evidence that Della Torre violated the modified version of the non-compete provision:

> [Della Torre] testified that prior to leaving Union Home, he did not solicit any customers to work with him at CrossCountry, that he has not used any information from his OneDrive to compete with Union Home, and that after he left Union Home, he would not return calls from any Union Home clients. As a result, extension of the non-compete period is not warranted.

(Doc. No. 57 at PageID# 2078 n. 5.) However, Union Home's proffered evidence now makes clear that Della Torre's testimony was not in good faith and that he indeed solicited former clients prior to the May 5, 2021 Preliminary Injunction hearing.

Finally, the Court rejects Della Torre's argument that Union Home is not entitled to a modification of the Preliminary Injunction because it fails to address the four preliminary injunction factors. (Doc. No. 82 at PageID# 2784.)[1] Della Torre cites to this Court's opinion in *Handel's Enterprises v. Schulenberg*, 431 F. Supp. 3d 946, 960 (N.D. Ohio 2020), for the proposition that when determining whether to extend a preliminary injunction, courts must apply the same standard used to determine whether to grant an injunction in the first place. The Court finds *Handel's* to be distinguishable from the case at bar. In *Handel's*, the plaintiff argued that the previously assigned district judge would have extended the preliminary injunction had Handel's "more clearly articulated the fact that the Franchise Agreement's initial term and Schulenburg's status as a franchisee would expire on January 22, 2021." 431 F. Supp. 3d at 959-60. But it was clear that the previously assigned judge was aware of the plaintiff's argument and nevertheless declined to extend the preliminary injunction. *Id.* The procedural posture in *Handel's* is therefore distinguishable from the instant matter. Moreover, nearly 18 months had elapsed between when the initial preliminary injunction in *Handel's* was issued and when Handel's filed its "Motion to Correct the Expiration Date". *Id.* at 951-52. Here, the Court addressed the factors relevant to its Preliminary Injunction analysis in its May 18th Order

---

[1] Union Home did address the preliminary injunction factors in its Reply. (*See* Doc. No. 84 at PageID# 2800-01.)

just a few months ago. The Court's prior reasoning with respect to those factors applies equally to the decision of whether to modify the Preliminary Injunction to expire one year from the Court's Order—to May 18, 2022. The Court sees no reason to restate those reasons here. *See Yolton*, 2007 WL 3037709, at *4.

The Court holds that it is necessary to modify the Preliminary Injunction to accomplish its original purpose and bring it in conformity with Paragraph 4(a) of the Employment Agreement. Accordingly, the Court will extend the Preliminary Injunction as to Della Torre to May 18, 2022.

### III. Conclusion

Accordingly, and for all the reasons set forth above, Plaintiff's Motion to Extend the Preliminary Injunction as to Defendant Della Torre (Doc. No. 78) is GRANTED. IT IS HEREBY ORDERED that:

a. Della Torre is enjoined from soliciting or providing any services to customers or prospective customers he serviced while employed by Union Home or for which he received confidential information while employed by Union Home within 100 miles of Union Home's former Rehoboth Beach branch office until May 18, 2022.

**IT IS SO ORDERED.**

Date: September 16, 2021

   *s/Pamela A. Barker*
PAMELA A. BARKER
U.S. DISTRICT JUDGE